TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Terrance Boyer*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrance Boyer, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, TERRANCE BOYER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. On or about January 30, 2015, Plaintiff obtained his Experian credit file and noticed inaccuracies on the following trade lines ("Errant Trade Lines"):

    a. He did not recognize the following items on his credit report and had disputed them:

        i. First Hawaiian Bank, Account Number: 44988690;

        ii. City of San Diego, Account Number: 414XXXX;

        iii. City of San Diego, Account Number: 414XXXX;

        iv. City of San Diego, Account Number: 438XXXX;

        v. Enhanced Recovery, Account Number: 9336XXXX; and

        vi. Financial Network Reco, Account Number: L150WEB600531XXXX.

    b. Mr. Boyer noted that the following trade line should no longer be reflecting on his credit report because the date of his first delinquency was more than 7 years ago. Under the FCRA, this trade line has been removed as he posited a dispute to Experian:

        i. Equiant Financial Svcs, Account Number: 16316308XXXX.

7. On or about March 19, 2015, Mr. Boyer submitted a letter to Experian, disputing the Errant Trade Lines.

8. On or about May 7, 2015, Mr. Boyer received a letter from Experian, stating that it received a suspicious request and determined that it was not sent by Mr.

3

Boyer. Experian stated that it would not be initiating any disputes based on the suspicious correspondence and that it would apply this same policy to any future suspicious requests that it received.

9. On or about May 27, 2015, Mr. Boyer submitted another letter to Experian, disputing the Errant Trade Lines.

10. Experian violated Mr. Boyer's rights under the Fair Credit Reporting Act, causing him pecuniary and emotional damages, costs and attorney's fees.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

11. Plaintiff realleges the above paragraphs as if recited verbatim.

12. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Boyer as that term is defined in 15 USC 1681a.

13. Such reports contained information about Mr. Boyer that was false, misleading, and inaccurate.

14. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Boyer, in violation of 15 USC 1681e(b).

15. After receiving Mr. Boyer's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

16. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Boyer has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

17. Experian is liable to Mr. Boyer by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Boyer as that term is defined in 15 USC 1681a.

20. Such reports contained information about Mr. Boyer that was false, misleading, and inaccurate.

21. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Boyer, in violation of 15 USC 1681e(b).

22. After receiving Mr. Boyer's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

23. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Boyer has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Experian is liable to Mr. Boyer by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 9, 2016              NITZKIN & ASSOCIATES

                                           By: */s/ Trinette G. Kent*
                                              Trinette G. Kent
                                              Attorneys for Plaintiff,
                                              Terrance Boyer